**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

---

**ALLAYNE C. LAVALLEY**                                                              **PLAINTIFF**

**V.**                                                                                **CASE NO. 1:05CV74**

**UNUMPROVIDENT CORPORATION**                                        **DEFENDANT**

---

## MEMORANDUM OPINION

This cause comes before the Court on cross-motions for summary judgment [16-1;18-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

This suit arises from a denial of disability benefits under the Employee Retirement Income Security Act of 1974, § 502, 29 U.S.C. § 1132 ("ERISA"). The plaintiff is Allayne C. LaValley, a resident of Tupelo, Mississippi who is the claimant who filed the disability claim under the insurance plan offered by the People's Bank and Trust Company, which employed LaValley as a bank teller. The defendant is UnumProvident Corporation ("UnumProvident"), a Delaware corporation which, according to the complaint, issued the short term and long term disability policies at issue in this case. However, UnumProvident claims that the policies were actually issued by a related but legally separate corporation, Unum Life Insurance Company of America ("Unum Life"), a Maine corporation which actually served as insurer for People's Bank. On March 12, 1999, LaValley applied for disability benefits based on severe pain in her right hip and inability to move without assistance. Her application was later denied. LaValley subsequently filed this action in the Lee County Circuit Court, and UnumProvident timely removed the case to federal court.

As a threshold matter, UnumProvident first argues that it is not the correct defendant and that suit should have been brought against Unum Life. In support of this argument, UnumProvident

submits the affidavit of Sandra R. Kaserman, the Appeals Consultant for UnumProvident. In her affidavit, Kaserman explains that UnumProvident is a Delaware-based company which is not engaged in the sale of insurance but rather serves as a holding company for its subsidiary companies. Unum Life is an indirect wholly owned subsidiary of UnumProvient which maintains separate liability for its own insurance contracts. UnumProvident has never assumed liability for the claims maintained by Unum Life or any other subsidiary insurance company.

In response to the Kaserman affidavit, LaValley cites no authority for imputing Unum Life's liability (if any) to UnumProvident and concedes that if UnumProvident was wrongly named as defendant, dismissal would be proper. The Court concludes that UnumProvident was in fact the wrong defendant and finds that summary judgment on all LaValley's claims against UnumProvident is proper on that basis alone. Out of an abundance of caution, however, the Court will also address the merits of this case.

According to the Fifth Circuit's ERISA precedent, this Court must review all factual determinations by the plan administrator under an abuse of discretion standard. See generally Pierre v. Connecticut General Life Ins. Co., 932 F.2d 1552 (5th Cir. 1991)("[F]or factual determinations under ERISA plans, the abuse of discretion standard of review is the appropriate standard"); Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98, 100-01 (5th Cir. 1993); Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 597-98 (5th Cir. 1994); Vercher v. Alexander & Alexander, Inc., 329 F.3d 222, 226 (5th Cir. 2004). In this context, the abuse of discretion standard is satisfied when there is "concrete evidence" to support the plan administrator's decision or there is a "rational connection" between the evidence in the record and the final decision. Vega v. National Life Ins. Co., 188 F.3d 287 (5th Cir. 1999)(en banc); Meditrust Financial Services Corp.

2

v. Sterling Chemicals, Inc., 168 F.3d 211, 215 (5th Cir. 1999). De novo review applies only to the plan administrator's construction of the meaning of the plan terms or the benefit entitlement provisions, and even then, only where the plan administrator lacks discretionary authority in those areas. Vercher, 329 F.3d at 226.

Furthermore, in reviewing the plan administrator's decision, the Court may not consider evidence outside the administrative record. Vega, 188 F.3d at 300. Also, the administrative record cannot be supplemented after suit is filed. Id. Finally, the Court may not consider whether the Social Security Administration considers the claimant to be disabled, as the Administration is governed by different rules. Black & Decker Disability Plan v. Nord, 538 U.S. 822, 832-33, 1123 S.Ct. 1965, 1970-71, 155 L.Ed.2d 1034 (2003). Plan administrators are not required to accord special deference to the opinions of treating physicians. Vega, 538 U.S. 822, 831, 1123 S.Ct. 1965, 1970.

In support of the plan administrator's decision, the defendants have submitted the entire administrative record. In a nutshell, while the record does acknowledge that LaValley suffers from persistent pain and does suffer some physical limitations, those limitations, in the opinion of the plan administrator, did render her incapable of performing her previous duties as a bank teller for People's Bank. Accordingly, under the plain language of the plan, LaValley is not disabled and is not entitled to disability benefits.

LaValley has little admissible evidence to offer in response. She relies chiefly on tests and medical opinions which were not a part of the administrative record. Indeed, the tests LaValley relies upon appear to have not been given until after disability benefits were terminated, and the opinions she offers likewise were not developed until after that point. LaValley also relies upon a note from her doctor stating in a conclusory manner that she was disabled without offering any basis

for that opinion.  Viewing the administrative record as a whole, the Court is persuaded that there is concrete evidence to support the plan administrator's finding that, under the existing plan, LaValley is not disabled and is not entitled to disability benefits.

**ACCORDINGLY**, in light of the foregoing analysis, it is hereby **ORDERED** that:

1. the plaintiff's motion for summary judgment [16-1] is **DENIED**;

2. the defendants' motion for summary judgment [18-1] is **GRANTED**; and this case is hereby **closed**.

A separate order to that effect shall issue this day.

This is the 12th day of July, 2006.

                                          /s/ Michael P. Mills
                                          **UNITED STATES DISTRICT JUDGE**